### 15000.   JACKSON *v.* THE STATE.

Under the section of the code which in case of removal of a county-site provides that the courts required by law to be held at the county-site shall, under proper orders of the judges thereof, be held "in the old buildings at the former county-site until the new buildings at the county-site are ready for occupancy" (Political Code, § 502), the city court of Arlington had jurisdiction to sit for the trial of this case in the city of Morgan, the former county-site of Calhoun county and former place of holding the city court of Morgan, the name of which court

had been changed to that of city court of Arlington (Ga. L. 1923, pp. 137, 217).

DECIDED NOVEMBER 15, 1923.

Accusation of larceny; from city court of Arlington—Judge E. L. Smith. August 22, 1923.

The defendant was arraigned on a criminal charge in the city court of Arlington, which was convened under the following order of the judge of that court: "It appearing to the court that by an act of the General Assembly of Georgia approved July 27th, 1923, the county-site of Calhoun county was changed and removed from Morgan to Arlington in said county, and by a subsequent act of the same General Assembly the name of the city court of Morgan was changed from the city court of Morgan to the city court of Arlington, and it appearing further that the county authorities of Calhoun county have not as yet provided a place for holding the courts of the county at the new county-site, and that there are no buildings at the new county-site so provided and ready for occupancy, it is hereby ordered, in conformity with the provisions of section 502 of the Political Code of Georgia, that this court, to wit, the city court of Arlington, formerly the city court of Morgan, be continued to be held at the old county-site, to wit, at Morgan, Ga., at the places provided for holding the same by the county authorities of said county, until a place is provided for holding the same at the new county-site and said place is ready for occupancy. Let this order be entered on the minutes of this court. Done at Morgan, Ga., this 22d day of August, 1923. [Signed] E. L. Smith, Judge city court of Arlington." After the signing of this order the defendant's case was called for trial and he filed the following sworn plea: "Now comes the defendant, before pleading in said case in the above-stated case, and files this his plea to the jurisdiction of the city court of Arlington, as follows: 1. The city court of Arlington cannot legally be held in the city of Morgan, Calhoun county, Georgia. And this court, being held in Morgan, is illegally held, and held contrary to law. 2. The order passed by the court conveying this court was passed in Morgan, Ga., signed there, at the time and just a few minutes prior to the trial of this case. Said order is void and of no effect, because the judge has no right under the law to pass an order convening said city court at any other place than that provided in the act creating the city court. At

the session of the General Assembly of 1923, just closed, there was a bill passed by the General Assembly and approved by the Governor, removing the county-site from Morgan to Arlington in said county. There was at the time this act was passed a city court in said county, known as the city court of Morgan. The act creating said city court provided that said city court of Morgan be held at Morgan, Ga. Subsequent to the passage of the act removing the county-site of Calhoun county from Morgan to Arlington an amendment was passed by the General Assembly, changing the name of the city court of Morgan to the 'city court of Arlington,' and providing also for the city court of Arlington to be held in Arlington, Ga. This act amending the act creating the city court of Morgan changed by legislative act the place for holding said city court of Arlington from Morgan to Arlington, and said act was passed and approved subsequent to the passage and approval of the act removing the county-site from Morgan to Arlington. It therefore follows that the city court of Arlington cannot be legally held at any place other than in the city of Arlington, and this defendant objects to being put on trial in said court, in this session of said court now being held in Morgan, for the reason that said court is illegally held and held contrary to law. Defendant is entitled to be tried by a court competent to try him, and by a court legally held at the place of holding said court. Wherefore he prays judgment."

The city court of Morgan was created by the General Assembly in 1916 (Ga. L. 1916, p. 271), the city of Morgan being at that time the county-site of Calhoun county. By an act of the General Assembly approved July 27, 1923 (Ga. L. 1923, p. 217), the county-site of Calhoun county was changed from Morgan to Arlington. Subsequently, by an act approved August 18, 1923 (Ga. L. 1923, p. 137), the act of 1916 creating the city court of Morgan was amended by changing the name of the court from the "city court of Morgan" to the "city court of Arlington," and by changing the place of holding the court from the city of Morgan to the city of Arlington. It is provided in section 13 of the act of 1916, creating the city court of Morgan, that the judge of the court shall have authority to call a special term of the court at any time for the disposal of criminal business, by entering a proper order on the minutes of the court.

*A. L. Miller,* for plaintiff in error.

*J. M. Cowart, solicitor,* contra.

BROYLES, C. J. (After stating the foregoing facts.) The only question argued in the brief of counsel for the plaintiff in error is as to the jurisdiction of the court. Section 502 of the Political Code provides as follows: "Whenever a county-site shall be removed as provided by law, all the courts of this State which are required by law to be held at the county-sites of their respective counties, by proper orders made by the judges thereof, either at chambers or in regular session, which order shall be entered on the minutes of such court, shall be held in the old buildings at the former county-site until the new buildings at the county-site are ready for occupancy, and all the proceedings of any of such courts, so held, shall be legal." The city court of Morgan being a constitutional city court, its sessions were required by law to be held at the county-site of Calhoun county. The act of 1923, amending the act creating the court, did not create a new court, but merely changed its name and provided that it should be held at Arlington, the new county-site of Calhoun county. In our opinion the question as to the jurisdiction of the court is settled by the provisions of the code just quoted. In other words, we think that the trial judge properly overruled the plea to the jurisdiction of the court.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*